[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 4, 1998, the court conducted an evidentiary hearing on the plaintiffs'application for a permanent injunction and the defendant's counterclaim also seeking injunctive relief. At trial all parties relinquished any claims for monetary damages.
Essentially, each side requests that the court order of the other to refrain from blocking a common right-of-way. The court finds the following facts. The plaintiffs own property on Route 101 in Dayville and operate a laundromat thereon. The defendant, a corporation, owns the property immediately to the west of the plaintiffs' property, and operates a restaurant, known as "Tracks 101," on the property. A common right-of-way, ten feet in width and 152 feet in length, runs from Route 101 northerly along the westerly boundary of the plaintiffs' property, lying entirely within that property, and abutting the defendant's easterly border.
The defendant's restaurant is a concrete block structure whose easterly side runs parallel to the westerly edge of the right-of-way and is located sixteen feet from that edge, which is the property line between these parcels. Sometime in the past year, the defendant had yellow lines painted to denote customer parking spaces which lines were perpendicular to the east side of the restaurant and ran from the restaurant to the property line. Occasionally, restaurant patrons would park in these spaces with vehicles of such a length so as to overhang across the property line and into the common right-of-way a matter of a few inches to a few feet.
To combat this trend, the plaintiffs erected a rope fence attached to wooden stanchions along the westerly border of the right-of-way. This fence prevented the defendant s customers from using the right-of-way to enter the defendant's property. Unknown persons demolished the fence the night following its erection. The plaintiffs never constructed another fence, nor do they intend to do so.
Also, the plaintiffs parked laundry vans near the easterly CT Page 10470 edge of the right-of-way, which made it difficult for restaurant customers to exit the parking spaces discussed above. Contrary to the defendant's claims, however, these vans were parked outside the right-of-way, albeit very close to the eastern boundary of that easement.
In addition to the testimony and exhibits received at trial, the court, at the suggestion of all litigants, visited the site to view the parking lots and buildings which are the subject of this action. The defendant has blackened-out the yellow lines adjoining the east side of the restaurant, and these former lines are now inconspicuous.
In order for the court to grant an injunction in this case, the court must conclude that the plaintiffs have proven that the defendant has materially interfered with the right-of-way by permitting its customers to park on the east side of the building so as to overhang the right-of-way as described above.Connecticut Light and Power Co. v. Holson Co., 185 Conn. 436, 443
(1981). The court determines that no material interference with the right-of-way has occurred because of the defendant's use of its property. The occasional overhang by patrons with larger vehicles creates only a minor intrusion into the right-of-way. The court's view of the scene discloses that the plaintiffs' customers have ample room to use the right-of-way and maneuver into the designated parking spaces serving the laundromat despite the occasional intrusions by some of the defendant's patron's vehicles. The plaintiffs' application for an injunction is therefore denied.
The counterclaim is founded on the erection of the rope fence and the location of the plaintiffs' vans within the right-of-way. The court has found that these vans were not parked in the right-of-way so the latter basis for granting an injunction fails. The rope fence was erected on one occasion. No evidence of repeated obstruction of the defendant's use of the right-of-way exists. Single acts of obstruction of short duration will not support the issuance of an injunction. Symons Equity Jurisprudence §§ 1351 and 1356 (1941 edition). See also, New York. N.H H.R. Co. v.Scovill. 71 Conn. 136, 148 (1898). Therefore, the defendant's request for injunctive relief is also denied.
Sferrazza, J.